In re the ESTATE OF Ernest M. GROTTA, Deceased.

Linda WAGNER, Appellant,

v.

Thelma HAGEN, Respondent.

No. C4-85-2370.

Court of Appeals of Minnesota.

April 29, 1986.

Douglas Peine, Minneapolis, Randal A. Swart, Robbinsdale, for appellant.

Daniel A. Birkholz, St. James, for respondent.

Heard, considered and decided by PARKER, P.J., LANSING and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Linda Wagner, an heir to the estate of Ernest M. Grotta, brought suit to recover for the decedent's estate the proceeds of two certificates of deposit. The trial court found that the funds belonged to respondent Thelma Hagen, who is the estate's personal representative and a joint tenant of the account containing the funds. Upon Wagner's appeal, we affirm.

## FACTS

At the time of his death in 1984, Ernest M. Grotta was the joint tenant, with respondent Thelma Hagen, of two certificates of deposit worth a total of $96,724. The decedent had funded the certificates entirely with his own money, but named respondent, who was his sister, as a joint tenant.

After the decedent's death, respondent cashed the certificates and placed the funds in her own bank account. Appellant Linda

Wagner, an heir to decedent's estate, insisted that the funds should be placed in the estate for distribution to the heirs, which included decedent's three surviving sisters and the children of two deceased sisters. Appellant brought suit to enforce her claim. The trial court found that since respondent was a joint tenant with decedent, she had a right of survivorship and could claim outright ownership of the certificates. Linda Wagner appeals.

## ISSUE

Did appellant prove by clear and convincing evidence that the decedent did not intend that respondent should have the right of survivorship to the certificates of deposit?

## ANALYSIS

The trial court's findings of fact will not be set aside unless they are clearly erroneous. Minn.R.Civ.P. 52.01. Furthermore, the appellate court must give due regard to the "opportunity of the trial court to judge the credibility of the witnesses." *Id.*

Minnesota statutes set standards for determining whether the joint owner of an account has survivorship rights:

Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent unless there is clear and convincing evidence of a different intention * * *.

Minn.Stat. § 528.05 (1984). The trial court found that appellant did not meet her burden of proving that a right of survivorship was not intended.

■ The decedent had resided with respondent and her husband at various times during his life, and he was very close to respondent and her husband. Decedent told respondent that he was making her a joint tenant of the certificates of deposit because of the close relationship they enjoyed and because respondent had been a considerable help to decedent. There is evidence that respondent helped decedent obtain the money used to buy the certificates. Respondent told decedent that she did not want all the money and that it would be better if he would give some to the decedent's other heirs. The two devised a plan by which respondent would keep $10,000, give $1000 each to various nieces and nephews, and divide the remainder between herself and her sisters. Following decedent's death, respondent distributed the funds as directed by the plan.

Appellant argues that decedent's only intent was to have the accounts divided among his heirs, not to favor respondent. There is no clear and convincing evidence in the record that this is so. There is equally plausible evidence that, as the trial court found, the plan of distribution came about because respondent objected to the benefit and suggested the distribution plan. Even if decedent had devised the plan for distribution to others, the evidence indicates that respondent has executed the plan to the letter. There was never an indication that all the funds from the certificates were to be placed in the decedent's estate for distribution.

We conclude that evidence in the case is sufficient to support the trial court's conclusion that respondent had survivorship rights to the certificates of deposit.

■ Appellant argues that the joint tenancy account did not contain statutory language expressly declaring intent to establish survivorship rights and that therefore no such survivorship rights exist. It is true that such statutory language "shall be conclusive evidence of the intent of the depositor * * * to establish a survivorship account." Minn.Stat. § 528.15, subd. 1 (Supp.1985). The language is not required, however, to prove that decedent intended survivorship rights; even without the language of section 528.15, a presumption arises that the decedent intended survivorship rights. *See id.* § 528.05. That presumption is overcome only if there is clear and convincing evidence that survivorship rights were not intended. *Id.*

Appellant also argues that since respondent said she would share the funds with other relatives, the proper place for the

funds is in the estate where they can be properly distributed. The trial court reasonably disagreed with this contention. The plan devised by decedent and respondent indicates that they intended the distribution to be respondent's responsibility and that the joint tenancy arrangement would best serve the execution of the plan. It was the evident intent of the legislature to give integrity to joint tenancy arrangements, which are the simplest of estate planning devices. *See* Minn.Stat. ch. 528.

## DECISION

The trial court properly found that decedent intended, by establishing a joint tenancy account, that respondent should have survivorship rights to the funds in the account. Appellant incorrectly argues that respondent had the burden of proving that decedent intended such a plan.

Affirmed.