Eugene MILLER, et al., Appellants,

v.

Shelby DANIELS, Respondent.

No. CX-94-890.

Court of Appeals of Minnesota.

Aug. 30, 1994.

Kevin T. Slator, Hebert, Welch, Humphreys & Grindberg, P.A., Forest Lake, for appellants.

Thomas J. Hartigan, St. Paul, for respondent.

Considered and decided by DAVIES, P.J., and AMUNDSON and HARTEN, JJ.

## OPINION

HARTEN, Judge.

On the grounds that the signature cards used by the bank did not conform exactly to the statutory language, appellants challenge the summary judgment granting respondent the right of survivorship as joint tenant of three bank accounts. We affirm.

## FACTS

Decedent Audrey Miller was survived by four sons, appellants Eugene, Wallace, Dale and Kenneth Miller, and one daughter, respondent Shelby Daniels. Among decedent's assets were three accounts she had opened at Investors' Bank.

The front of the signature card for each account reads, "Audrey Miller or Shelby Daniels as Joint Tenants," followed by the words, "By my signature I acknowledge that I have read and agreed to the provisions on the reverse of this card." Each card is signed by both Audrey Miller and Shelby Daniels under the words, "Signature(s) of Accountholder(s)." The back of each card includes the statement:

> If more than one person signed the other side of this card, you are joint tenants with rights of survivorship. This means that you are co-owner of the account and all funds deposited in it. If one of you dies, all funds in the account will belong to the survivor(s).

Appellants argue that these signature cards do not fulfill the statutory requirements for creating survivorship accounts.

## ISSUE

Did the district court err in granting summary judgment on the grounds that the three bank accounts were joint tenancy accounts with right of survivorship?

## ANALYSIS

■ This court reviews a grant of summary judgment to determine whether genuine issues of material fact exist for trial and whether the district court erred in applying the law. *Offerdahl v. University of Minn. Hosps. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988).

Minn.Stat. 528.15, subd. 1 (1992) provides:

Deposits made using a form of account containing the following language signed by the depositor shall be conclusive evidence of the intent of the depositor * * * to establish a survivorship account:

\* \* \* \* \* \*

(b) I (we) intend and agree that the balance in this account, upon the death of any party to this account, shall belong to the surviving party, or if there are two or more surviving parties, they shall take as JOINT TENANTS.

Dated: . . . . . . . . . .

Signed: . . . . . . . . . . . . . . . . . . . .

■ Appellants maintain that the Investors' Bank signature cards signed by Audrey Miller and respondent do not fulfill the statutory requirements.

The two differences appellants note between the statutory language and the language on the cards give no indication that Audrey Miller intended to create anything other than survivorship accounts.[1] Appellants cite the fact that the card was not dated by the depositor. This is irrelevant, however, since the bank had already dated the card. Appellants then contrast the language of subdivision 1(b), followed immediately by the depositor's signature, with the bank's format—signatures below a statement acknowledging agreement with the provisions on the reverse side of the card and an explanation of survivorship accounts on the reverse side.

Appellants do not argue that there is any substantive difference between the information conveyed by the statutory form and that conveyed by the card, or that the card is ambiguous. They offer no support for their assertion that strict compliance with the statutory language and format is required. Minnesota law opposes that assertion:

The [statutory] language is not required, however, to prove that decedent intended survivorship rights; even without the language of section 528.15, a presumption arises that the decedent intended survivorship rights. *See* [Minn.Stat.] § 528.05. That presumption is overcome only if there is clear and convincing evidence that survivorship rights were not intended.

*In re Estate of Grotta,* 386 N.W.2d 319, 320 (Minn.App.1986). Appellants present no evidence whatever that survivorship rights were not intended.

Minn.Stat. § 528.05 (1992) provides in relevant part:

(a) Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent unless there is clear and convincing evidence of a different intention.

Therefore, we agree with the district court that even absent conformity to section 528.15, subdivision 1, the sums remaining in the joint tenancy accounts at Audrey Miller's death now belong to respondent.

## DECISION

The signature cards created joint tenancy accounts with right of survivorship pursuant to Minn.Stat. § 528.15. Absent clear and convincing evidence to the contrary, respondent is entitled to accounts pursuant to Minn. Stat. § 528.05. The district court did not err in awarding summary judgment.

**Affirmed.**

---

1. If Audrey Miller had intended to create accounts in which respondent had only an agent's interest, rather than a right of survivorship, she easily could have done so pursuant to Minn.Stat. § 528.15 subd. 2 (1992).